UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

UNITED STATES OF AMERICA

vs.

JUAN RIBAS DOMENECH,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Department of Justice, Criminal Division, Fraud Section (the "Government" or the "United States"), and JUAN RIBAS DOMENECH (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to waive indictment and to plead guilty to the one-count Information filed in this case, which charges the defendant with conspiracy to launder money, in violation of Title 18, United States Code, Section 1956(h).

2. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter the "Sentencing Guidelines"), as well as other factors enumerated in Title 18, United States Code, Section 3553(a). The defendant acknowledges and understands that the Court will compute an advisory sentence under the

1

Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

    3.   The defendant also understands and acknowledges that for the charge in the Information of conspiracy to launder money in violation of Title 18, United States Code, Section 1956(h), the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to three

years.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $500,000, or twice the value of the property involved in the transactions for which the defendant conspired to launder, whichever is greater, and the Court may also order forfeiture and restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 per count will be imposed on the defendant.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the Government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. The Government reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Government further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The Government agrees to recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the Government will make a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.  The Government, however, will not be required to make this motion and this recommendation if the defendant: (a) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the Government prior to entering into this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

4

7. The Government and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. <u>Base offense level</u>: Pursuant to U.S.S.G. § 2S1.1(a)(2), that the base offense level for purposes of sentencing guideline calculations for the charged offenses is 8, plus the number of offense levels from the table in §2B1.1 corresponding to the value of the laundered funds (more than $1.5 million and less than $3.5 million), adding 16 levels;

b. <u>Offense of conviction</u>: That a two-level enhancement of the guideline offense level applies under U.S.S.G. § 2.S1.1(b)(2)(B) for a conviction under Title 18, United States Code, Section 1956;

c. <u>Sophisticated means</u>: That a two-level increase to the offense level applies since the offense involved sophisticated means pursuant to U.S.S.G. § 2S1.1(b)(3); and

d. <u>Total Offense Level</u>: Accordingly, the total offense level is 28 less any adjustment for Acceptance of Responsibility. The defendant has a Criminal History Category of I.

8. The defendant agrees that he shall cooperate fully with the Government by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the Government, whether in interviews, before a grand jury, or at any trial or other Court

5

proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the Government; and (c) if requested by the Government, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes. The defendant agrees not to reveal his cooperation, or any information derived therefrom, to any third party without prior consent of the Government.

9. The Government reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the Government, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, the Government may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing

the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires the Government to file any such motions, and that the Government's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the filing or non-filing of a motion to reduce sentence. In addition, because the defendant agrees that the Government shall have sole and unreviewable discretion to move for any sentencing reduction based on his cooperation, the defendant agrees that he will not seek a variance from the guideline range under Title 18, United States Code, Section 3553(a) because of any cooperation, although the defendant may move for a variance, if he chooses, because of other grounds, if any, which do not involve cooperation.

10.  The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the Government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11.  In the event that the defendant chooses to seek a variance from the sentencing guideline range, the defendant further agrees that any such application shall be filed in writing

7

with the Court and served on the United States no later than the deadline for submitting objections to the Pre-Sentence Investigation Report stated in Federal Rule of Criminal Procedure 32(f)(1), subject to any extension of time agreed upon between the parties or ordered by the Court.

12. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, all rights, title, and interest to any property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h) or any property traceable to such property. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to a forfeiture money judgment in the sum of $5,036,465 in United States currency, which sum represents the value of the property subject to forfeiture.

13. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of

the forfeiture.

14. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant also agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way any criminal, civil or administrative forfeiture proceedings concerning the forfeiture.

15. In furtherance of the collection of a forfeiture money judgment and/or a restitution judgment, the defendant agrees to the following:

(a) The defendant agrees to make full and accurate disclosure of his financial affairs to this Office. Specifically, within 14 calendar days from a request by this Office, the defendant shall submit a completed Financial Disclosure Statement (form provided by this Office), and shall fully disclose and identify all assets in which the defendant has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other

third party.  Upon request by this Office, the defendant agrees to provide in a timely manner all financial information requested, including all financial information provided to the United States Probation Office, and to meet in person to identify assets which may be used to satisfy a forfeiture money judgment and/or the restitution judgment.

  (b) The defendant agrees to not sell, hide, waste, encumber, destroy, or otherwise devalue any asset until the forfeiture money judgment and the restitution judgment are paid in full without prior approval of the United States.  The defendant shall also identify any transfer of assets valued in excess of $5,000 since the commencement of the offense conduct to date, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

  (c) The defendant agrees to cooperate fully in the investigation and the identification of assets to be applied toward forfeiture and/or restitution.  The defendant agrees that providing false or incomplete information about assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under Title 18, United States Code, Section 1001; or (ii) recommendation of a denial of a reduction for acceptance of

responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

(d)   The defendant further agrees to liquidate assets, or complete any other tasks which may result in immediate payment of the forfeiture money judgment and/or the restitution judgment in full, or full payment in the shortest amount of time, as requested by the United States.

(e)   The defendant understands that he is responsible for the full amount of the forfeiture but that joint and several liability may be imposed as to similarly-situated defendants.

(f)   The defendant shall notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances that affects the ability to pay the forfeiture.

16.   The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result

of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. In addition to the foregoing provisions, the defendant hereby waives all rights to argue on appeal that the statute to which the defendant is pleading guilty is unconstitutional and that the admitted conduct does not fall within the scope of the statute. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

17. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the Government, or the probation office, is a prediction, not a promise, and is not binding on the Government, the probation office, or the Court. The defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this agreement or

otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the Government, or a recommendation made jointly by both the defendant and the Government.

18. The defendant agrees that, effective as of the date the defendant signs this Plea Agreement, and notwithstanding any other subsequent event, including but not limited to the defendant's failure to plead guilty, the Court's refusal to accept the defendant's guilty plea, or the defendant's withdrawal (or attempted withdrawal) of his guilty plea, the Factual Proffer entered in connection with this Plea Agreement shall be admissible against the defendant in any criminal case involving the Fraud Section and the defendant, as: (a) substantive evidence offered by the government in its case-in-chief and rebuttal case; (b) impeachment evidence offered by the government on cross-examination; and (c) evidence at any sentencing hearing or other hearing. In addition, the defendant also agrees not to assert any claim under the Federal Rules of Evidence (including Rule 410 of the Federal Rules of Evidence), the Federal Rules of Criminal Procedure (including Rule 11 of the Federal Rules of Criminal Procedure), or the United States Sentencing Guidelines (including

13

U.S.S.G. § 1B1.1(a)) that the Factual Proffer entered in connection with this Plea Agreement should be suppressed or is otherwise inadmissible as evidence (in any form).

19. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States or if the defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to a conspiracy to launder money, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

20. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 9/11/20

~~ROBERT ZINK~~ DANIEL KAHN
ACTING CHIEF, FRAUD SECTION
Department of Justice, Criminal Division

By: _____
KATHERINE RAUT
ALEXANDER KRAMER
LA'NESE CLARKE
TRIAL ATTORNEYS

Date: 7/14/21

_____
JEFF MARCUS, ESQ.
COUNSEL FOR DEFENDANT

Date: 7/14/21

_____
JUAN RIBAS DOMENECH
DEFENDANT

15